United States District Court
Southern District of Texas
**ENTERED**
December 01, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| ARICELMA DE OLIVEIRA, § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. 5:25-CV-00097 |
| § | |
| IMMIGRATION CUSTOMS § | |
| ENFORCEMENT and DEPARTMENT § | |
| OF HOMELAND SECURITY, § | |
| Respondents. § | |

## FINAL ORDER OF DISMISSAL

Before the Court is the Respondents' Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus. (Dkt. No. 20). In her Petition, Petitioner sought release from custody and challenged her detention without access to bond. (Dkt. No. 1 at 6). The Petitioner initially filed her Petition in the United States District Court of Massachusetts. (Dkt. No. 1 at 1). However, since the Petitioner was detained at the Laredo Processing Center in Laredo, Texas, this case was transferred to the Laredo Division of the Southern District of Texas. (Dkt. No. 9).

On October 14, 2025, Respondents filed a Motion to Dismiss Petitioner's Petition. (Dkt. No. 20). Petitioner then filed a Response indicating that the Petitioner is unopposed to Respondent's Motion to Dismiss and withdraws her Petition. (Dkt. No. 30). Further, Petitioner affirms that she wishes to be removed promptly to her home country of Brazil and asks the Court and Respondents to take the necessary steps to facilitate her return. (*Id.* at 1).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, the Court may only decide actual cases and controversies. *See* U.S. Const. art. III, § 2. When there is no longer a live controversy, the case is moot and should be dismissed. *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). If the case is moot, a court lacks jurisdiction to hear the case. *Id.* Since mootness raises a jurisdictional question, a court may *sua sponte* dismiss a moot case. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

The only relief Petitioner requests is to be released from custody and removed to

Brazil. (Dkt. No. 30 at 1). Indeed, releasing Plaintiff from custody and ordering her removal to her home country of Brazil is the only relief the Court can grant. *See Zalawdia v. Ashcroft*, 371 F.3d 292, 299 (5th Cir. 2004). Since Petitioner no longer challenges her detention, (Dkt. No. 30 at 1), her case will be dismissed.

Therefore, it is **ORDERED** this case is **DISMISSED**.

The Clerk of the Court is **DIRECTED** to **TERMINATE** this case.

This is a **FINAL JUDGMENT**.

The Clerk is hereby **DIRECTED** to promptly mail this Order to the Petitioner via certified mail to both her address on file with the Court, Karnes County Detention Center, 810 Commerce Street, Karnes City, TX 78118 and to Petitioner's Counsel at 100 TradeCenter Suite 715, Woburn, MA 01801, return receipt requested.

It is so **ORDERED**.

**SIGNED** on December 1, 2025.

John A. Kazen
United States District Judge